# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 20-20233
    Hon. Denise Page Hood

VIRENDRA GAIDHANE,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO MODIFY JUDGMENT TO REPLACE CUSTODY SENTENCE WITH HOME CONFINEMENT [ECF NO. 816]

Before the Court is Defendant, Virendra Gaidhane's, Motion to Replace Sentence with Home Confinement. [ECF No. 816]. The motion is fully briefed. See ECF No. 819. For the reasons set forth, Gaidhane's motion should be DENIED.

On May 13, 2024, Gaidhane plead guilty to Count 1, Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances in violation of 21 U.S.C. § 846, before Judge Bernard Friedman, pursuant to a Rule 11 plea agreement. [ECF No. 812, ECF No. 816]. On May 8, 2024, Judge Friedman sentenced Gaidhane to a custodial sentence of one year and one day. [ECF No. 16, PageID.5873]. The Court allowed

Gaidhane to report to the Bureau of Prisons after September 15, 2024. *Id*. On July 2, 2024, this matter was reassigned to this Honorable Court. Gaidhane now requests that his custodial sentence be replaced with home confinement. There is no authority under which a district court judge can modify a sentence imposed by another district court judge except after appellate review. Gaidhane argues that many people around him will be inconvenienced by his absence. Courts are not required to consider the impact that such a sentence will have on the offender's family and friends. Nevertheless, Gaidhane's sentence is below the guidelines, which reflects the court's diligence in ensuring that it imposed a sentence that was sufficient to meet the ends of justice as set forth in 18 U.S.C. 3553.

Both the Government and Probation Department oppose the motion.

This Court is bound by Federal Rule of Criminal Procedure 35, which governs correction of a judgment. "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35. "Sentencing" is defined as the "oral announcement of the sentence." *Id*. at 35(c). The Sixth Circuit has held that if the court does not "act" to correct a sentence within the [14]

days from the sentencing hearing, the court is without jurisdiction to correct a sentence beyond the [14] days. *United States v. Vicol*, 460 F.3d 693, 695 (6th Cir. 2006). "[O]nce a sentence has been imposed, the trial judge's authority to modify it is limited to Rule 35." (quoting *United States v. Addonizio*, 442 U.S. 178, 189 n.16, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979)). A sentencing court "generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010) (quoting 18 U.S.C. § 3582(c). Gaidhane does not argue that a clerical error has been made.

Local Rule 59.1 states that "[a] motion to alter or amend a judgment must be filed within the time allowed by Federal Rule of Civil Procedure 59(e)." Rule 59(e) requires a motion to amend a judgment to be brought no later than 28 days after the entry of the judgment. The judgment in this matter was entered on May 13, 2024, and Gaidhane's motion to modify the judgment was filed June 26, 2024. Therefore, the motion is untimely.

Gaidhane's Motion to Modify Judgment to Replace Custody Sentence with Home Confinement is DENIED.

In light of the foregoing,

IT IS SO ORDERED that Defendant's Motion to Modify Judgment to Replace Custody with Home Confinement is DENIED.

SO ORDERED.

/s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: July 31, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record or party on July 31, 2024, by electronic and/or ordinary mail.