UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                            Case No. 20-20233
                                            Hon. Denise Page Hood

VIRENDRA GAIDHANE,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE [ECF NO. 835]**

**I.    INTRODUCTION**

This matter is before the Court on Defendant Virendra Gaidhane's Motion for Sentence Reduction [ECF No. 835]. The motion is fully briefed, and the Court issued a notice of determination without oral argument. [ECF No. 843]. For the reasons stated herein, Gaidhane's motion is denied.

**II.    BACKGROUND**

On May 13, 2024, Gaidhane pled guilty to Count 1, Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances in violation of 21 U.S.C. § 846, before Judge Bernard Friedman, pursuant to a Rule 11 plea agreement. [ECF No. 812, ECF No. 816]. On May 8, 2024, Judge Friedman sentenced Gaidhane to a custodial sentence of one year and one day. [ECF No. 16, PageID.5873]. The Court allowed Gaidhane to report to the Bureau of Prisons after

September 15, 2024. *Id*. On July 2, 2024, this matter was reassigned to this Honorable Court.

This Court denied a motion by Gaidhane to modify Judge Friedman's judgment to replace the custodial sentence with home confinement. [ECF No. 823]. Gaidhane now seeks compassionate release to care for his teenage daughter while his wife is away for work. The Government opposes Gaidhane's motion arguing that Gaidhane "fails to establish any 'compelling and extraordinary' reasons for his release." [ECF No. 842, PageID.6065].

## III. ANALYSIS

In resolving motions for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), district courts now face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable § 3553(a) factors warrant such a reduction. *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020); *United States v. Ruffin*, 978 F.3d 1000, 1006-07 (6th Cir. 2020). A third consideration, the § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions since the court is not constrained by the policies set forth in § 1B1.13. U.S.S.G. § 1B1.13; *United States v. Elias*, 984 F. 3d 516, 518-20 (6th Cir. 20221) (citing *Jones*, 980 F.3d at 1108); *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021). The district court may deny compassionate-release motions when any of the

three prerequisites listed in § 3582(c)(1)(A) is lacking and does not need to address the others. *Elias*, 984 F.2d at 519. But the district court can only grant a defendant's motion for compassionate release by finding that the defendant satisfies all three of § 3582(c)(1)(A)'s prerequisites. *Id*.

As to what constitutes "extraordinary and compelling reasons," the Sixth Circuit held that what is ordinary, the nonretroactivity of judicial precedent announcing a new rule of criminal procedure, is not extraordinary. *United States v. McCall*, 56 F.4 1048 (6th Cir. 2022). What is routine, a defendant serving the duration of a lawfully imposed sentence, is not compelling. *Id*. Rehabilitation of the defendant alone cannot be considered extraordinary and compelling. *Id*. And, combining unrelated factors, such as rehabilitation, and other factors like non-retroactive legal developments, where each individually is insufficient to justify a sentence reduction and each are non-retroactive, cannot be considered extraordinary and compelling. *Id*. A defendant must first exhaust all administrative remedies, or, alternatively, wait 30 days after the warden's first receipt of the request. 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

There is no dispute that Gaidhane has exhausted his administrative remedies. [ECF No. 842, PageID.6067]. Therefore, Gaidhane must provide extraordinary and compelling reasons which warrant a sentence reduction.

3

Gaidhane asserts he needs to be released to care for his teenage daughter while his wife is traveling for work. [ECF No. 835, PageID.6043]. Gaidhane further states that his wife's job is the only household income, and she must be away 4-5 days a week. *Id*. Gaidhane's parents and mother-in-law are elderly and unable to travel due to multiple health conditions and they also need his support. *Id*.[1] This reason is neither extraordinary nor compelling. Many families face hardships when dealing with a family member who is incarcerated. In fact, many spouses are left to support multiple children on their own for much longer periods of time.

The Court further notes that Gaidhane's request for compassionate release was denied by the warden because Gaidhane was unable to provide documentation supporting his claim that his wife's job precluded her from caring for their minor child. [ECF No. 842, PageID.6066-67]. Gaidhane has provided an unsigned letter purportedly from his wife in support of his release. The letter does not include any documentation showing his wife's travel schedule which is the basis for his motion. The letter states that Gaidhane's daughter is having trouble with the social worker working with her but there is nothing from the social worker stating that

---

[1] Gaidhane's reply brief lists several cases which he asserts support compassionate release. [ECF No. 844, PageID.6077]. However, the Court was unable to identify any of the cases as they are not properly cited.

4

Gaidhane's release would positively impact or improve the well-being of his daughter.

Gaidhane mentions for the first time in his reply brief that the Court should consider his rehabilitation in determining whether he should be released. Gaidhane argues that he is a low-level defendant, reported to the Bureau of Prisons prior to his original report date, has completed more classes than required and even taught some of the classes. While this may be so, Gaidhane is still required to show extraordinary and compelling circumstances which warrant release, which he has failed to do.

Therefore, the Court may deny Gaidhane's motion for compassionate release on this basis alone. 984 F.3d at 519.

### IV. CONCLUSION/ORDER

In light of the foregoing,

IT IS SO ORDERED that Defendant's Motion for Compassionate Release [ECF No. 835] is DENIED.

SO ORDERED.

S/DENISE PAGE HOOD  
Denise Page Hood  
United States District Judge

Dated: December 20, 2024